THE PEOPLE, RESPONDENT, *v.* MELÉNDEZ, APPELLANT.

APPEAL from the District Court of Arecibo.

No. 589.—Decided April 28, 1913.

JURORS—CHALLENGE OF JURORS.—Subdivision 4 of section 227 of the Code of Criminal Procedure is applicable only to a juror who has served as such in another trial for the same crime charged.

The facts are stated in the opinion.
Mr. *Charles E. Foote, fiscal,* for The People.
Mr. *Herminio Díaz Navarro* for appellant.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Arecibo in a criminal case charging Andrés Meléndez y Rodríguez with the crime of murder.

The transcript of the record is composed of the following: 1. The information; 2. The arraignment and plea of the accused; 3. The judgment; 4. The notice of appeal; and 5. The bill of exceptions.

The evidence introduced is not included in the record. The information has not been assailed and in our opinion it is correct in all its details. The appellant filed no brief in this court nor did he appear at the hearing of the appeal on April 23. The only question involved herein for consideration and decision is, according to the bill of exceptions, the following:

Upon empanneling the jury, trial by which had been elected by the accused, the latter's attorney put the following question to Octavio Herrera: "Have you served as juror during this or the preceding term in any case in this court where murder in the first degree was charged?" Herrera replied: "Yes, sir." Whereupon counsel for accused said: "I challenge this juror for cause, basing my challenge on the provisions of paragraph 4 of section 227 of the Code of Civil Procedure." The fiscal objected, the court overruled the challenge on the ground that the paragraph invoked referred to another person who had been tried separately for the same crime as that for which the accused was being tried, and counsel for the accused thereupon took an exception.

Precisely the same question was raised upon the examination of the jurors Pedro Delgado, Salustiano Villamil, Francisco Olivieri, Carlos Urdaz, José Matos, and Miguel Sánchez, and decided in like manner by the court, exception being noted in each case by the accused.

The law relied on by the accused reads as follows:

"Section 227. A challenge for implied bias may be taken for all or any of the following causes, and for no other:

.&ast;      &ast;      &ast;      &ast;      &ast;      &ast;      &ast;

"4. Having served on a trial jury which has tried another person for the offense charged;   &ast;   &ast;   &ast;."

The law quoted cannot have the scope given to it· by the accused. The fact that a person has served as juror in a trial for murder does not prevent his serving as juror in another trial for murder. To arrive at a contrary conclusion would be to hold that in Porto Rico a citizen can serve on a trial jury but once during his life in each class of crimes and this would be absurd. The scope of the statute was stated in a few words by the district court. It is applicable to the case of *the same crime which is charged, of the same criminal act.* Two or more persons may be accused as the authors of, or accomplices in, a crime and elect to be tried separately, and it is natural that the juror who served in the first trial cannot be allowed to serve as such in the second.

The only question involved in the appeal having been thus, decided, the appeal is dismissed and the sentence appealed from affirmed.

*Affirmed.*

Chief Justice Hernández and ·Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.